**Opinion issued November 26, 2024**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-24-00808-CR

### NO. 01-24-00810-CR

_____

**MARCUS TYRONE GRANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case Nos. 24-08-19233 & 24-08-19271**

---

**MEMORANDUM OPINION**

Appellant attempts to appeal from a pretrial order denying his motion to recuse the presiding judge. The State has filed a motion to dismiss these two appeals, arguing that this interlocutory order is not appealable. Appellant has not responded to this motion. We grant the motion and dismiss the appeals.

The clerk's records have not yet been filed. The State asserts that appellant is charged with two counts of manufacture/delivery of a controlled substance greater than one gram and less than four grams, one count of possession of a prohibited substance in a correctional facility, and one count of possession of a controlled substance greater than four grams and less than 200 grams. The State also asserts that the indictments contain enhancement paragraphs. The State has attached a copy of appellant's filing in the trial court entitled "Mandatory Disqualification of Sitting District Judge and Appointed Public Defender." In his notices of appeal, appellant states that he is appealing from the September 27, 2024 order of the Honorable Robert H. Trapp, Presiding Judge of the Second Administrative Judicial Region, which denied appellant's motion to disqualify the trial court judge in these two cases.

Attached to appellant's notices of appeal are copies of the trial court's order, dated September 25, 2024, in which the trial court declined to recuse himself and referred the motions to the Presiding Judge of the Second Administrative Judicial Region for assignment of a judge to hear the motions. Also attached to appellant's notices of appeal is a copy of the order signed September 27, 2024 by the Presiding Judge, denying the motions to disqualify and stating that the motions do not state legally sufficient grounds for disqualification and are procedurally deficient.

An order denying a motion for recusal or disqualification of the trial judge is interlocutory. *See* TEX. R. CIV. P. 18a(j)(1)(A); *Means v. State*, 825 S.W.2d 260,

2

260 (Tex. App.—Houston [1st Dist.] 1992, no pet.). "An order granting or denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law." TEX. R. CIV. P. 18a(j)(2). "There is no 'other law' allowing an interlocutory appeal of an order denying a motion to disqualify in a criminal case." *Muhammad v. State*, No. 08-18-00125-CR, 2018 WL 3751742, at *1 (Tex. App.—El Paso Aug. 8, 2018, pet. ref'd) (mem. op., not designated for publication). This Court has jurisdiction to review interlocutory orders in criminal cases only in narrow circumstances that are not present here. *See Means*, 825 S.W.2d at 260. Because the orders denying disqualification are interlocutory and not reviewable until after final judgment, this Court lacks jurisdiction over the appeals. *See Lara v. State*, No. 01-18-00404-CR, 2018 WL 4128091, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op., not designated for publication).

Accordingly, we grant the State's motion and we dismiss the appeals for lack of jurisdiction. *See id.*; TEX. R. APP. P. 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).